IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TONY D. THOMPSON, :
:
    Plaintiff :
:
vs. :
:
MEDICAL COLLEGE OF GEORGIA, : NO. 5:12-CV-376 (MTT)
*et al.*, :
:
    Defendants : **O R D E R**
_____

    Plaintiff **TONY D. THOMPSON**, GDC # 964768, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also filed motions for a protective order (Doc. 2), a preliminary injunction (Doc. 3), and an investigation (Doc. 4). Parties instituting non-habeas civil actions must pay a $350.00 filing fee. 28 U.S.C. § 1914(a). Because Plaintiff has failed to pay said fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

    Plaintiff suffers from several skin conditions, including psoriasis, eczema, discoid lupus erythematosus, and inverse psoriasis. Plaintiff complains about his medical treatment at Macon State Prison ("MSP") and "Ware County Prison," where he was previously confined, as well as his treatment at GD&CP. He makes wide-ranging allegations regarding his care throughout his confinement, particularly at MSP and GD&CP. The locations of the various medical treatments provided to Plaintiff over the

years are not always clear in his complaint. He requests damages and injunctive relief, including that he be provided items ranging from Methotrexate to Dove soap.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least five of which, or resulting appeals, were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has three strikes, he cannot

---

[1] ***See Thompson v. Georgia Medical College, et al.***, 6:03-cv-67-BAE-JEG (S.D. Ga. Sept. 17, 2003) (complaint and appeal); ***Thompson v. Smith***, 6:03-cv-61-BAE-JEG (S.D. Ga. July 9,

proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Plaintiff is clearly not subject to a present "imminent danger of serious physical injury" with respect to his treatment at MSP and Ware County Prison, as he is no longer confined in those prisons. With respect to GD&CP, it is not clear from his complaint whether Plaintiff is under imminent danger of serious physical injury or simply disagrees with his medical treatment.

Based on the foregoing, Plaintiff's apparent request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a new, more focused lawsuit relating only to events or conditions at GD&CP that constitute "imminent danger of serious physical injury" and in which he alleges only relief that will redress his injuries. Alternatively, Plaintiff may pay the entire $350.00 filing fee at the time of filing the new complaint.[2] Because Plaintiff submitted the instant complaint on a different District Court's form, the Clerk's Office is **DIRECTED** to send Plaintiff a copy of this Court's section 1983 form.

Plaintiff is cautioned to be honest with this Court in any future filings–he was not truthful in stating in the instant complaint that he had only one prior filing. **See**

---

2003) (complaint); and **Thompson v. D'Alesandro, Jr., et al.**, 4:00-cv-232-WTM (S.D. Ga. Nov. 7, 2000) (complaint and appeal).

[2] As the Eleventh Circuit stated in **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

***Thompson v. Smith, et al.***, 6:3-cv-116-BAE-WLB (S.D. Ga. Dec. 8, 2003), wherein the District Court for the Southern District of Georgia applied the three-strikes provision in dismissing Plaintiff's lawsuit.

Plaintiff's pending motions are all **DENIED AS MOOT**.

**SO ORDERED**, this 3rd day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
